## Szymanski v. Schenk

*Scales, Loughran & Shaw,* for plaintiff.
*H. H. Dinsmore,* for defendant.

LAIRD, J., July 1, 1940.—Defendants filed a demurrer to this action in assumpsit wherein plaintiff sued upon a warranty contained in a deed conveying real estate.

The principal reasons assigned for the demurrer are that plaintiffs did not attach to the statement of claim a written copy of the deed referred to, and that one of the plaintiffs is alleged to be an administrator and no profert was made of his letters of administration.

In 3 Standard Pennsylvania Practice 188, §79, it is stated as follows:

"Under §5 of the Practice Act of 1915, if the writing upon which the plaintiff relies for his claim is set forth in a local court record or is a document properly recorded in any official place within the territorial limits of the court's jurisdiction, a proper reference to the place of the record is sufficient. It is unnecessary to set out the instrument in full in, or attach a copy of it to, the statement. Under the terms of the act, such a reference to a record has the same effect as attaching a copy of an agreement not of record. When so incorporated, the record in full is thereby proffered by the pleader for inspection to the court and is properly treated as embodied in the statement and as a part thereof. Thus, when the record of a deed in the county where the suit is brought is referred to in the statement, it is made a part thereof."

That disposes of the first question raised by the demurrer.

The only other question which we deem worthy of notice is raised by the last sentence in the seventh paragraph of the demurrer, which reads as follows:

"But the statement of claim does not affirmatively state the death of Alex Lewicki, nor attach any certificate from any register of wills showing his appointment as administrator of Alex Lewicki."

Again we refer to 13 Standard Pennsylvania Practice 230, section 13 of which provides as follows:

"The courts in this Commonwealth are in general accord in holding that a party who is called upon to respond

to a demand made upon him by a stranger to the original cause of action, on the ground of an authority conferred by law, is entitled to know whether the plaintiff has authority to sue. And they consequently hold that profert of the plaintiff's letters is essential in every action brought by an administrator; the want of it is fatal, on special demurrer. Where administrators of the plaintiff have been substituted on the record they should properly produce their letters of administration on the trial of the cause. To take advantage of their failure to do so, the defendant should present to the judge a point requesting him to charge that the plaintiffs are not entitled to recover upon the omission."

See also the cases of Stewart, Admr., v. Dearing et ux., 13 Phila. 175, and McDonald v. Browning, 4 Phila. 21.

Considering these cases we believe the second reason assigned for demurrer to be good, and that the demurrer should, therefore, be sustained.

In this connection, however, we desire to call counsel's attention to the fact that it is necessary to furnish the court with some authorities sustaining their respective positions, and while both oral and written arguments were made in this case, the court was not furnished by defendant with any authorities to sustain his position. In such cases counsel is in great danger of having the court overrule their motions and demurrers. They should not under any circumstances expect the court to make an independent search for authorities to sustain their motions.

However, as we said above in this case, we believe the second reason is well taken, and consequently we will sustain the demurrer, but we feel that plaintiff should be given 15 days from this date in which to file an amended statement of claim and on failure to file the same within the time specified judgment of non pros may be entered.

And now, to wit, July 1, 1940, after argument and after due and careful consideration, it is ordered, adjudged, and decreed that the demurrer filed in this case

be and the same hereby is sustained, and plaintiff is directed to file an amended statement of claim within 15 days from this date, or on failure so to do judgment of non pros to be entered in favor of defendant.